UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD SATTERWHITE,<br><br>   Plaintiff,<br>   v.<br><br>STATE OF NEVADA, *et al.*,<br><br>   Defendants. | Case No. 3:24-CV-00175-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Plaintiff Richard Satterwhite, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this civil rights action under 42 U.S.C. § 1983, arising from events that took place while Satterwhite was housed at the Northern Nevada Correctional Center ("NNCC"). Before the Court is United States Magistrate Judge Carla L. Baldwin's Report and Recommendation (ECF No. 20 ("R&R")), recommending that the Court deny Defendants' motion to dismiss (ECF No. 16 ("Motion")).[1] Defendants filed an objection to the R&R. (ECF No. 21 ("Objection").)[2] Because the Court finds Defendants have not met their burden to demonstrate Plaintiff failed to exhaust his available administrative remedies, the Court overrules Defendants' Objection and adopts the R&R in full.

**II.    RELEVANT BACKGROUND**

In January 2024, Plaintiff submitted an informal grievance, alleging improper medical treatment. (ECF Nos. 8-1 at 8-9; 16-2 at 3.) NDOC rejected the grievance on February 1st for failing to attach an administrative claim form and including more than

---

[1]Satterwhite responded to Defendants' Motion (ECF No. 56) and Defendants replied (ECF No. 19.)

[2]Satterwhite responded to Defendants' Objection. (ECF No. 22.)

Case 3:24-cv-00175-MMD-CLB   Document 25   Filed 10/31/25   Page 2 of 9

one issue. (ECF Nos. 8-1 at 6; 16-2 at 3.) The improper grievance memo directed Plaintiff to re-submit after correcting these deficiencies. (ECF No. 8-1 at 6.) Plaintiff re-submitted his informal grievance, attaching the administrative claim form and clarifying that the grievance was "specifically regarding damages from the headgear that was issued to [him] from NNCC Medical." (ECF Nso. 8-1 at 13; 16-2 at 3.) NDOC rejected the grievance again on February 23rd, this time for "[n]o harm/loss, action, or remedy." (ECF Nos. 8-1 at 10; 16-2 at 3.) Again, the form indicated Plaintiff could re-submit after correcting this deficiency. (ECF No. 8-1 at 10.) Plaintiff re-submitted his informal grievance again in Mach, this time requesting a remedy of $25,000. (ECF No. 8-1 at 11; 16-2 at 3.) NDOC again rejected the grievance, specifying "[t]his submission is missing verifiable, factual information." (ECF Nos. 8-1 at 10; 16-2 at 3.) The form goes on to state "[t]his is your THID and FINAL rejection. If you choose to resubmit again, the documents will be confiscated and placed in your grievance file. No further action will be taken. Do not resubmit." (*Id*.)

In April, Plaintiff filed this section 1983 lawsuit. (ECF No. 1.) Defendants moved to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 16.) In her R&R, Judge Baldwin recommends denying the Motion because Defendants "failed to meet their burden that Satterwhite failed to exhaust *available* administrative remedies prior to the filing of this suit." (ECF No. 20 at 5 (emphasis in original).)

III. **DISCUSSION**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where, as here, a party timely objects to a magistrate judge's Report and Recommendation, the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Defendants objected. (ECF No. 21.)

The Court will first address Defendants' objection that Judge Baldwin erred by failing to take judicial notice of the two exhibits they attached to their Motion. (*Id.* at 7-8.) Then the Court will address Defendants' objection that they met their burden to show Plaintiff failed to exhaust available administrative remedies. (*Id.* at 8-12.)

### A.  Judicial Notice

In their Motion, Defendants ask the Court to take judicial notice of two attached exhibits: Administrative Regulation ("AR") 740 and Plaintiff's grievance history report. (ECF No. 16 at 2 (citing ECF Nos. 16-1; 16-2).) Defendants argue Judge Baldwin erred by failing to take judicial notice of these exhibits. (ECF No. 21 at 4, 7.) The Court disagrees.

As Defendants note, Judge Baldwin did not rule against taking judicial notice but rather did not address the request. (ECF No. 21 at 7 (citing ECF No. 16 at 3-4, 6).) This is because Judge Baldwin's reasoning, which the Court ultimately adopts on de novo review, does not hinge on the authenticity, or lack thereof, of Defendants' exhibits. No part of her R&R questions the validity of either document. And as Defendants identify, Plaintiff does not dispute their authenticity either. (ECF No. 21 at 7-8.) While Defendants persuasively argue in their Objection why judicial notice is proper, they fail to identify how judicial notice would ultimately alter Judge Baldwin's reasoning or conclusion. (ECF No. 21 at 7-8.)

In fact, Defendants' Motion asks the Court to rule relying solely on Plaintiff's Complaint. They argue the failure to exhaust is "clear on the face of the complaint" and "evident without reference to any matter outside of the complaint." (ECF No. 16 at 6, 8.) This is because Plaintiff attached copies of his grievance documents to his Complaint and "Defendants do not contest the authenticity or completeness of these exhibits...." (*Id.* at 6.) Defendants affirm that Plaintiff's exhibits, which Judge Baldwin relied on in her R&R, "are in accordance" with the Defendants' supplied exhibits. (*Id.*)

**B.     Exhaustion**

Defendants object to Judge Baldwin's conclusion that Defendants did not meet their burden to prove Plaintiff failed to exhaust available administrative remedies. (ECF No. 21 at 9.) Specifically, Defendants argue Judge Baldwin improperly concluded *sua sponte* that the grievance process was unavailable to Plaintiff and failed to address Defendants' authorities. (*Id.* at 3-4.)  The Court concludes Judge Baldwin's findings were not *sua sponte* and addresses Defendants' cited authorities in turn.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust available administrative remedies before filing a lawsuit under section 1983.  *See* 42 U.S.C. § 1997e(a). The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)). To exhaust administrative remedies within the NDOC, inmates must follow the procedures outlined in AR 740, which sets out the three grievance levels: informal, first, and second. (ECF No. 16-1.)

However, "[p]risoners need only exhaust 'available' administrative remedies…." *Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016); *see also Albino*, 747 F.3d at 1172-73. "[A]n administrative remedy is not available if 'prison officials inform the prisoner that he cannot file a grievance.'" *Williams v. Paramo*, 775 F.3d 1182, 1192 (9th Cir. 2015) (quoting *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)). Information provided to the prisoner may inform a court's determination of whether relief was available. *See Brown*, 422 F.3d at 937. Accordingly, remedies are unavailable when an inmate "is reliably informed by an administrator that no remedies are available." *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009) (quoting *Brown*, 422 F.3d at 935). Plaintiffs may also be excused from PLRA's exhaustion requirement where attempts to exhaust administrative remedies are "thwarted by improper screening." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010). This excuse applies when an inmate filed a grievance "the prison officials screened…for reasons inconsistent with or unsupported by applicable regulations." *Id.*

Defendants acknowledge they have the burden of proving this affirmative defense. (ECF No. 21 at 6.) This burden may shift to the inmate, but "[t]he defendant bears the initial burden to show there was an *available* administrative remedy, and that the prisoner did not exhaust it." (ECF No. 16 at 5 (citing *Albino*, 747 F.3d at 1169, 1172)) (emphasis added). Here, Plaintiff does not address exhaustion in his responses. (ECF Nos. 18, 22.) But Plaintiff has no burden regarding this affirmative defense if Defendants do not meet their initial burden. The Court agrees with Judge Baldwin that Defendants fail to meet this burden and therefore rejects the affirmative defense without any *sua sponte* finding.[3]

Even assuming Defendants have satisfied their initial burden, the grievance records provided by Plaintiff in his Complaint support a finding that the remedies were "effectively unavailable." *Albino*, 747 F.3d at 1172. Exhaustion under AR 740 requires appealing a grievance through all three levels: informal, first and second. (ECF No. 16-1.) Plaintiff only ever filed an informal grievance. (ECF No. 8-1; 16-2 at 3.) But a remedy under this process was unavailable to Plaintiff. NDOC informed Plaintiff that he could neither refile nor appeal his grievance after a "THIRD and FINAL rejection." (ECF Nos. 16-2 at 3; 8-1 at 12). By "inform[ing] the prisoner he [could] not file a grievance," NDOC effectively made the administrative process laid out in AR 740 unavailable. *Williams v. Paramo*, 775 F.3d at 1192 (citations omitted).

Moreover, Plaintiff falls within the PLRA exhaustion exception because "prison officials screened his grievance…for reasons inconsistent with or unsupported by applicable regulations." *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010)." First, nothing in AR 740 states that informal grievances are barred after two re-submissions. (ECF No. 16-1.) Second, Plaintiff's grievance was ultimately rejected for "missing verifiable, factual information." (ECF No. 16-2 at 3.) But Plaintiff "identified the nature of the wrong" in his grievance and AR 740 "does not specify 'the level of detail an inmate's factual allegations must contain.'" *Mayo v. Williams*, No. 216CV00047APGVCF, 2016 WL 5867419, at *3

---

[3]Moreover, the Court is obligated to construe Plaintiff's briefing liberally as a *pro se* inmate raising civil rights claims. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

(D. Nev. Oct. 6, 2016) (quoting *Meeks v. Burson*, No. 3:12–CV–00322–MMD, 2014 WL 4666743, at *7 (D. Nev. Sept. 17, 2014)).

Defendants argue Plaintiff "abandoned" his grievance because he "did not complete the grievance process as set forth in AR 740." (ECF No 21 at 10.) Notably, Defendants do not cite to any section of AR 740 to support this conclusion. AR 740 defines three instances in which a grievance is deemed "abandoned:" (1) failure to submit an informal grievance within the required timeframe (ECF No. 16-1 at 12), (2) refusal to sign and date any grievance form (*Id.* at 6), and (3) failure to timely appeal (*Id.*). None of these three scenarios apply to the undisputed facts here, nor do Defendants argue they do.

Defendants also claim their notice preventing Plaintiff from proceeding with his grievance was justified because Plaintiff "failed to correct the deficiencies of his second submission in his third attempt and his third submission was rejected for the same reason his second submission was rejected." (ECF No. 21 at 11.) This explanation does not align with the undisputed facts. Plaintiff's second submission was rejected for "[n]o harm/loss, action, or remedy." (ECF No. 16-2 at 3.) Plaintiff's third submission included a specific monetary damages remedy. (ECF 8-1 at 11.) This third submission was then rejected not for that same reason but for "missing verifiable, factual information." (ECF 16-2 at 3.) Notably, Plaintiff incorporated into each resubmission the two pages of facts laid out in his initial grievance submission. (ECF No. 8-1 at 8-9, 11, 13.) But NDOC made no complaint about the sufficiency of information in either of the earlier submissions.

The authorities Defendants cite do not undermine the Court's conclusion. The cited Supreme Court precedent confirms that the "[a]pplicable procedural rules [for proper exhaustion] are defined …by the prison grievance process itself" and that exhaustion under the PLRA requires an inmate to use "all steps the agency holds out and [to do] so properly." (ECF No. 21 at 11 (quoting *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).) NDOC "holds out" in AR 740, the applicable prison grievance process, that rejected grievances are not appealable. (ECF No. 16-1 at 6.)

6

Instead, the inmate "must correct the issues that led to the rejection of the grievance, and follow the instructions provided on the Improper Grievance Memorandum…." (ECF No. 16-1 at 6.) According to NDOC's memorandum, grievances with errors such as a "[m]issing administrative claim form," "[n]o harm/loss, action, or remedy" or "[f]ailure to correct deficiencies" are "rejected" and may be corrected and re-submitted "unless specified." (ECF No. 8-1 at 6.) And here, NDOC "specified" that Plaintiff could not refile his grievance. But neither AR 740 nor the standard improper grievance form "holds out" that inmates can only correct and re-submit twice, after which they will be barred from proceeding. *Woodford*, 548 U.S. at 90. Plaintiff sought to follow "all the steps the agency h[eld] out" by complying with the second improper grievance memorandum he received which directed him to "correct[] the deficiencies(s) listed below" and "resubmit." *Id.*; (ECF No. 8-1 at 10.) When he did, NDOC informed him that he could not proceed further—effectively ending the available steps Plaintiff could take to seek relief.

Defendants cite to *Drain v. Johnson* to support their argument. (ECF Nos. 21 at 11; 16 at 7 (citing No. 2:22-CV-00924-CDS-DJA, 2024 WL 3570969, at *5 (D. Nev. July 26, 2024)).) Defendants concede this unreported case is not binding but merely persuasive. (ECF No. 21 at 11.) But the case is also distinguishable. First, the procedural posture is distinct. In *Drain*, the Court ruled on a motion for summary judgment filed after months of discovery. Here, Defendants filed this motion to dismiss shortly after service and before any discovery. Second, the *Drain* Court emphasized that the plaintiff there subsequently filed grievances related to the same disputed medical care and failed to re-file or appeal denials of those grievances, even though NDOC did not prevent him from doing so. *See* 2024 WL 3570969, at *5, *5 n.18. Here, Plaintiff only filed this one grievance related to this particular medical issue and he was barred by NDOC from proceeding.

The *Drain* Court conceded that "an argument can be made that the prison's restriction on Drain's filing further grievances…made administrative remedies unavailable to him as a matter of law." *Id.* at *5 n.18. This is because "the prison may not deny grievances arbitrarily or on a ground of which a prisoner has no notice" *Id.* (citing *Mayo v.*

7

1  *Williams*, 2016 WL 5867419, at *8). The *Drain* Court concluded this was not an issue
2  because "every ground upon which the prison rejected Drain's grievances were explicitly
3  outlined in AR 740, of which Drain had access and notice." *Id.* Drain's grievance was
4  rejected for failing to request a specific remedy, failing to attach a required form, and for
5  seeking damages above the amount permitted under AR 740. *See id.* at *5. Plaintiff here
6  also failed to attach a form and failed to request a remedy, and his initial and re-submitted
7  grievance was rejected on those bases. (ECF Nos. 8-1 at 6, 10, 13; 16-2 at 3.) Plaintiff
8  here also sought relief for greater than the $500 limit impose by AR 740. (ECF No. 8-1 at
9  10; 16-2 at 3.) But Plaintiff's grievance was not rejected on that basis. (*Id.*) Instead, his
10 grievance was rejected for "missing verifiable, factual information." (*Id.*) In *Mayo v.*
11 *Williams*, this Court concluded that AR 740 "does not specify 'the level of detail an
12 inmate's factual allegations must contain.'" 2016 WL 5867419, at *3 (citation omitted).
13 The only instruction from AR 740 is that the inmate must include "[a]ll documentation and
14 factual allegations available" to them. (ECF No. 16-1 at 12.) Accordingly, Plaintiff did not
15 have the same "access and notice" for "every ground upon which the prison rejected" his
16 grievance as the plaintiff in *Drain*. 2024 WL 3570969, at *5 n.18.

17      In sum, Defendants fail to prove the affirmative defense of non-exhaustion of
18 available remedies. *See Albino*, 747 F.3d at 1166, 1176. The Court therefore overrules
19 Defendants' Objection, adopts Judge Baldwin's R&R, and denies Defendants' Motion.

20 **IV.   CONCLUSION**

21      The Court notes that the parties made several arguments and cited to several
22 cases not discussed above. The Court has reviewed these arguments and cases and
23 determines that they do not warrant discussion as they do not affect the outcome of the
24 issues before the Court.

25 ///
26 ///
27 ///
28 ///

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 20) is adopted.

It is further ordered that Defendants' motion to dismiss (ECF No. 16) is denied.

DATED THIS 31st Day of October 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE